IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY LEEB, on behalf of himself      )
and the class,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     No. 12 C 913
                                        )
PENDRICK CAPITAL PARTNERS, LLC and      )
NATIONWIDE CREDIT CORP.,                )
                                        )
          Defendants.                   )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Gregory Leeb, individually and on behalf of others
similarly situated, filed a three-count first amended complaint
alleging that defendants Pendrick Capital Partners, LLC and
Nationwide Credit Corp. violated the Illinois Collection Agency
Act ("ICAA") (Count I) and the Fair Debt Collection Practices Act
("FDCPA") (Count II) when Nationwide tried to collect debts on
behalf of Pendrick, which is not licensed as a debt collector in
Illinois.  Plaintiff also alleges that defendant Nationwide
violated the FDCPA (Count III) when it sent him a dunning letter
after he had disputed the alleged debt in writing.  Defendants
have moved to dismiss the complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6).  For the following reasons, defendant

Pendrick's motion is granted, and defendant Nationwide's motion is granted in part and denied in part.[1]

I.

According to the complaint, Pendrick is a Delaware corporation that purchased plaintiff's consumer debt (and the debts of other Illinois residents) and then hired Nationwide (and other debt collectors) to collect the debt. While Pendrick is not licensed as a collection agency in Illinois, Nationwide is. On December 26, 2011, Nationwide mailed a dunning letter to plaintiff, demanding payment of a debt that Pendrick had purchased from Infinity Healthcare Physicians Services. Two days later, plaintiff mailed, via certified mail and fax, a letter to Nationwide, disputing the validity of the alleged debt. Plaintiff also sent a letter via fax instructing Nationwide to cease all further communication with him regarding the debt. On or around January 5, 2012, Nationwide mailed a second letter to plaintiff, stating that Nationwide was unable to continue its investigation into the validity of the debt and requiring

_____

[1] Plaintiff has, at the last minute, moved to file additional authority. That motion is denied. Plaintiff claims that *Grant-Hall v. Calvary Portfolio Services, LLC*, 11 C 1832, 2012 U.S. Dist. LEXIS 23526 (Feb. 24, 2012 N.D. Ill.), stands for the proposition that the ICAA does not violate the Commerce Clause. First, I do not reach the constitutional issue raised by some of the parties in their briefing. Second, *Grant-Hall* only held that Section 8b of the ICAA did not violate the dormant Commerce Clause, but Section 8b is not at issue in this case.

plaintiff to submit further information.  The letter also
contained a payment slip and the balance allegedly due.


                                II.

     "A motion under Rule 12(b)(6) challenges the sufficiency of
the complaint to state a claim upon which relief may be granted."
*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570
F.3d 811, 820 (7th Cir. 2009).  In ruling on a motion to dismiss,
I assume that all the well-pleaded facts alleged in the complaint
are true.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197,
167 L.Ed.2d 1081 (2007).  A complaint must include "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8(a)(2).  Under the federal notice
pleading standards, to survive a motion to dismiss a plaintiff's
"[f]actual allegations must be enough to raise a right to relief
above the speculative level."  *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
(citation omitted).

     Generally, on a Rule 12(b)(6) motion I may only consider the
plaintiff's complaint and any attachments to it.  *Rosenblum v.
Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir.2002).  There are
some exceptions recognized in this circuit, *id.*, but because I do
not find it necessary to consider any document beyond the
pleadings and the letter attached thereto, I do not address

                                 3

whether the various exhibits submitted by the parties are appropriate on a motion to dismiss.

III.

A. Counts I and II

Plaintiff's first two causes of action, against both defendants, must be dismissed. Plaintiff purports to bring count I under the Illinois Collection Agency Act, 225 ILCS 425/1a *et seq.* ("ICAA"), alleging that defendant Pendrick has engaged in collection efforts without being licenced in Illinois in violation of § 4 of the ICAA. The complaint also alleges that defendant Nationwide violated various sections of the statute by "demanding payment" for Pendrick's debts, which, as an "unlicensed debt buyer," Pendrick did not have the right to collect. (Pl.'s First Am. Compl., at ¶¶ 62-68.)

Defendant Pendrick argues that it does not operate as a collection agency simply by purchasing debts and placing those debts with a third party for collection. Indeed, the plain language of the ICAA forecloses plaintiff's claim that Pendrick illegally purchased debts in Illinois and indirectly acted to collect those debts. Sections 2 and 3 of the ICAA define "collection agency." Section 2 defines a debt collector or collection agency as "any person who, in the ordinary course of

4

business, regularly, on behalf of himself or herself or others, engages in debt collection." Section 3 further states:

> A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Engages in the business of collection for others of any account, bill or other indebtedness . . . [or] [b]uys accounts, bills or other indebtedness and engages in collecting the same.

225 ILCS 425/3 (West 2008). In turn, § 4 provides:

> No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, . . . exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act.

*Id*. at § 4. Under the ICAA, a debt buyer is not a collection agency unless it "engages in collecting" the debts it has purchased. If a debt purchaser does not engage in collection activities, it is not considered a collection agency under the ICAA and does not need to be licensed by the state. The facts as

alleged reveal that Pendrick is not a collection agency and did
not have to be licensed before purchasing plaintiff's debt.

The cases plaintiff cites do not support a contrary
conclusion. Plaintiff relies heavily on *LVNV Funding, LLC v.
Trice*, 952 N.E.2d 1232 (Ill. App. Ct. 2011), but that case is
distinguishable. In *LVNV*, the plaintiff, a debt purchaser not
licensed as a collection agency in Illinois, had acquired a
credit card company's interest in the defendant debtor's unpaid
credit card account. After acquiring the debt, the plaintiff
sued the debtor to recover the amount due on the account, and
after a trial, judgment was entered in favor of the debt
purchaser. The defendant then moved to vacate the judgment,
arguing that the judgment was void on account of the fact that
the debt purchaser had violated § 4 of the ICAA. The *LVNV* court
concluded that if the debtor could prove that the plaintiff had
not registered as a collection agency before filing its lawsuit,
it would have committed a crime under the ICAA "when it purchased
the debt *and* sued to collect it." *LVNV*, 952 N.E.2d at 1236
(emphasis added). By contrast, Pendrick did not sue plaintiff to
collect on the debt. Pendrick did not even send the dunning
letters to plaintiff. In fact, plaintiff does not allege that
Pendrick ever attempted to contact him in connection with the
debt. Pendrick placed the debt with a licensed collection agency
for collection. *LVNV* does not address the issue of placing a

6

debt with a licensed third party, and as such does not support plaintiff's position.

The other cases plaintiff cites to are similarly inapposite. In *Kim v. Riscuity, Inc.*, No. 06 C 1585, 2006 WL 2192121 (N.D. Ill. July 31, 2006), the debt buyer retained a law firm to collect the plaintiff's debt. The court in *Kim* found that the plaintiff had alleged that the defendant had itself made attempts to collect the debt. *Id.*, at *2. The court concluded that the defendant was a collection agency under the ICAA based solely on allegations that the *defendant* "made attempts to collect [the] debt." *Id.*

*Wisniewski v. Asset Acceptance Capital Corp.*, No. 08 CV 2793, 2009 WL 212155 (N.D. Ill. Jan. 29, 2009), in which a debt purchaser assigned a debt to its subsidiary, who in turn filed suit against the debtor in state court, also does not support plaintiff's claim. With the exception of the parent-subsidiary relationship, *Wisniewski* is similar to *LVNV*. Further, the plaintiff in *Wisniewski* had alleged that the debt purchaser and its subsidiary both made repeated and harassing telephone calls in connection with an effort to collect the debt. *Id.* at *1.[2]

---

[2] Plaintiff's citation to *Schutz v. Arrow Fin. Services, LLC*, 465 F.Supp.2d 872, 875-76 (N.D. Ill. 2006), *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000), and *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994), for the suggestion that Pendrick is a collection agency because it is arguably responsible for the actions of Nationwide under a theory of vicarious liability is similarly unavailing.

7

Plaintiff does not cite to any case in which a debt purchaser that has not engaged in any collection activities but has hired an independent and legally distinct third-party collection agency to collect the debt was held to be a collection agency under the ICAA. Pendrick made no demand for payment, did not file a lawsuit against plaintiff, and did not hire a legal representative to take any of those actions on its behalf. In the absence of such debt collection efforts, Pendrick does not fit the definition of a collection agency under the ICAA. As such, count I of plaintiff's complaint fails. Further, because plaintiff's FDCPA claim against Pendrick and Nationwide, count II, is dependant on the ICAA claim,[3] that claim must be dismissed as well.

B. Count III

As defendant Nationwide admits, under § 1692g, "when a debt collector receives a request for verification, it has two

---

None of these cases deals with the issue of when the purchaser of a debt may be considered a collection agency. Notably, the Third Circuit in *Pollice* points out that the theory of vicarious liability only applies if the owner of the debt may also be considered a "debt collector" under 15 U.S.C. § 1692a(6).

[3] Plaintiff argues that defendants violated the FDCPA when they made "misrepresentations and illegal threats." (Pl.'s Resp. to Def. Pendrick's Mot. to Dismiss, at 9.) But plaintiff admits that "those misrepresentations and illegal threats occurred solely because Pendrick engaged in criminal activity as set out by the ICAA." (*Id.* at 10.)

options: (1) it can send verification and continue to collect the debt; or (2) stop collection efforts." (Def. Nationwide's Memo. in Support of Mot. to Dismiss, at p. 6 n. 2.) *See* 15 U.S.C. § 1692g(b); *Jang v. A.M. Miller and Associates*, 122 F.3d 480, 483 (7th Cir. 1997). Plaintiff alleges that Nationwide continued its collection efforts in spite of plaintiff's written notice disputing the debt. These allegations are enough to defeat Nationwide's motion to dismiss the third count of the operative complaint.

In arguing that the letter it sent to plaintiff purporting to request additional information was "especially benign," Nationwide's reliance on *Marro v. Crosscheck, Inc.*, No. 1:04-CV-00147-LMB, 2004 WL 3688137 (E.D. Va. Aug. 6, 2004) is misplaced. In response to an initial letter seeking payment, the debtor in *Marro* mailed a "handwritten note vaguely disputing the debt." *Id.* at *3. The debt collector wrote back requesting further documentation of the dispute. The court found that this second letter, despite the inclusion of certain statutorily required debt validation information, was not a continuing attempt to collect the debt. *Id.* The second letter did not demand payment. *Marro* is distinguishable in at least two important respects. First, defendant here does not argue that plaintiff's dispute letter was similarly vague or otherwise unclear, though the holding of *Marro* relies on that factual distinction. Therefore,

plaintiff has sufficiently alleged that he disputed the debt so as to trigger Nationwide's duty to verify the debt.

Second, plaintiff alleges that the letter defendant Nationwide sent to plaintiff, attached to the complaint, constituted a continuing attempt to collect the debt. Nationwide argues that because there was no due date on the letter, it was not an attempt to collect the debt, nor was it a communication made "in connection with the collection of a debt." (Def. Nationwide's Memo. in Support of Mot. to Dismiss, at 9.) *See* 15 U.S.C. § 1692e; *see also Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 382 (7th Cir. 2010) ("Generally speaking, a communication from a debt collector to a debtor is not covered by the FDCPA unless it is made 'in connection with the collection of any debt.'"). But the Seventh Circuit has held that "a communication need not make an explicit demand for payment in order to fall within the FDCPA's scope." *Gburek*, 614 F.3d at 385 (citing *Horkey v. J.V.D.B. & Associates*, 333 F.3d 769 (7th Cir. 2003)). Here, though there was no due date on the letter, its form and contents suggest that the letter was an attempt to collect the debt. The letter contains a tear-off section at the top of the page to be used in remitting a payment to the debt collector, the "total" balance due, and a space for writing in the amount enclosed as payment. The main portion of the letter states in small lettering at the top "Detach Upper Portion And

10

Return With Payment." None of the cases cited by Nationwide describe a similar communication. As such, plaintiff has stated a claim under 15 U.S.C. § 1692g against Nationwide.

IV.

For the foregoing reasons, defendant Pendrick's motion to dismiss is granted and defendant Nationwide's motion to dismiss is granted in part. Counts I and II of plaintiff's complaint are dismissed. Defendant Nationwide's motion is also denied in part. Plaintiff has stated a claim against it in count III of his complaint.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: August 1, 2012

11